# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE MIMEDX GROUP, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 1:18-cv-04486-WMR<br><br>(Consolidated with Case No. 1:18-cv-04514-WMR and Case No. 1:18-cv-04864-WMR) |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, a consolidated derivative action is pending before this Court captioned *In re MiMedx Group, Inc. Shareholder Derivative Litigation*, Lead Case No. 1:18-cv-04486-WMR (N. D. Ga.) (the "Georgia Federal Action");

WHEREAS, Plaintiffs have made an application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement of the Georgia Federal Action (the "Settlement") in accordance with the Stipulation and Agreement of Settlement, dated September 4, 2020 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the Settlement and dismissal of the Georgia Federal Action with prejudice; and (ii) approving the form and manner of the dissemination of the Notice to Current MiMedx Shareholders, attached as Exhibit B-1 to the Stipulation, and publication of the Summary Notice, attached as Exhibit B-2 to the Stipulation; and (iii) scheduling a date for the Settlement Hearing, pursuant to Federal Rule of Civil Procedure 23.1, for the Court to consider and determine whether to approve the terms of the Settlement as fair, reasonable, and adequate, including the payment of the Fee and Expense Amount, separately negotiated by the Settling Parties, and approval of Plaintiffs' Service Award to be paid therefrom;

WHEREAS, this Court has considered the Stipulation and the exhibits annexed thereto, Plaintiffs' Motion for Preliminary Approval of the Settlement, all

1

the papers filed, and arguments of the Settling Parties made in connection therewith; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing.

2. A Settlement Hearing shall be held before this Court on Monday, December 21, 2020 at 9:30 a.m., either in person at the United States District Court for the Northern District of Georgia, Atlanta Division, United States District Court for the Norther District of Georgia, 1721 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, or by telephone or video conference to (i) determine whether the Settlement of the Georgia Federal Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interests of MiMedx and its stockholders; (ii) determine whether the Court should enter the Judgment, attached as Exhibit C to the Stipulation, which would dismiss with prejudice the Georgia Federal Action and release the Released Claims; (iii) determine whether to approve the Fee and Expense Amount and Service

Awards; and (iv) consider any other matters that may be properly brought before the Court in connection with the Settlement.  The Court has issued an order titled In Re: Court Operations Under the Exigent Circumstance Created by Covid-19 and Related Corona Virus and several amendments to that order concerning limited access to the Courthouse.  Additional information can be found at http://www.gand.uscourts.gov/.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to Current MiMedx Shareholders.  If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the Internet page that MiMedx shall create for this Settlement as referenced in paragraph 4 of this Order.

3. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current MiMedx Shareholders, and retains jurisdiction to consider all further applications arising out of, or in connection with, the Settlement.

4. Within twenty-one (21) days after the date of this Order, MiMedx shall cause (a) the Stipulation and long-form Notice to be filed with the SEC on Form 8-K with an accompanying press release; (b) publication of the short-form Summary Notice once in Investors' Business Daily; and (c) publication of the Stipulation and the long-form Notice on an Internet page that MiMedx shall create

for this purpose and which shall be accessible through a link posted on the "Investor Relations" page of http://www.MiMedx.com, the address of which shall also be featured on the long-form Notice and the short-form Summary Notice. The Stipulation and the long-form Notice shall remain posted to the Internet page referenced in the preceding sentence through the Effective Date of the Settlement.

5. The form and method of notice provided in the preceding paragraph constitutes due and sufficient notice of the Settlement Hearing to all Persons entitled to receive such a notice, and meets the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution, Fla. Stat. § 607.0745 and other applicable law.

6. At least twenty-eight (28) calendar days prior to the Settlement Hearing, MiMedx's counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, of distribution of the Notice and publication of the Summary Notice.

7. Papers in support of final approval of the Settlement, the Fee and Expense Amount, and Service Awards shall be filed with the Court and served at least twenty-eight (28) calendar days prior to the Settlement Hearing. The Settling Parties shall file with the Court and serve responses to any objections filed pursuant to paragraph 8 below at least seven (7) calendar days prior to the Settlement Hearing.

8. Any Current MiMedx Shareholders may object to the Settlement, the proposed Judgment, the proposed Fee and Expense Amount, and/or Service Awards, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing. To object, such stockholders must submit a written statement explaining the Person's objection(s) and the reasons for such objection(s) and shall also: (a) submit a written statement identifying such Person's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) state the case name and number, *In re MiMedx Group, Inc. Shareholder Derivative Litigation*, Lead Case No. 1:18-cv-04486-WMR (N. D. Ga.); (c) provide proof of current ownership of MiMedx common stock, including the number of shares owned, as well as documentary evidence of when such stock ownership was acquired; (d) submit any documentation in support of such objection(s), including clearly identifying any and all evidence that would be presented at the Settlement Hearing in connection with such objection(s); (e) identify any case—by name and court—in which the objector or his, her, or its attorney, if any, has objected to a settlement in the last three (3) years; and (f) include a proof of service signed under penalty of perjury. Any objection should not exceed 25 pages in length. If the stockholder (whether personally or through counsel) wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing.

5

Such materials must be filed with the Clerk of the United States District Court for the Northern District of Georgia and sent by first class mail and e-mail to the following addresses, postmarked at least fourteen (14) calendar days before the Settlement Hearing, :

<div style="display: flex;">

ROBBINS LLP
Craig W. Smith
5040 Shoreham Place
San Diego, CA 92122
E-mail:
csmith@robbinsllp.com

*Co-Lead Counsel for Plaintiffs*

ALSTON & BIRD
Robert R. Long
Elizabeth Gingold Clark
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
E-mail: robert.long@alston.com
E-mail: elizabeth.clark@alston.com

*Counsel for Defendants*

</div>

Any Person who fails to object in the manner described above shall be: (i) deemed to have waived any objection to the Settlement, Final Order and Judgment, Fee and Expense Amount, and Service Awards; (ii) barred from raising such objection in this Georgia Federal Action, or any other action or proceeding; and (iii) bound by the Final Order and Judgment and the releases of claims set forth therein.

9. Pending final determination of whether the Settlement should be approved, all proceedings and discovery in the Georgia Federal Action and all further activity between the Settling Parties regarding or directed toward the Georgia Federal Action, save for those activities and proceedings relating to the Stipulation and the Settlement, shall be stayed.

6

10. Pending the Effective Date of the Stipulation or the termination of the Stipulation according to its terms, Plaintiffs and/or any MiMedx stockholder, derivatively on behalf of MiMedx, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Plaintiffs' Claims against any Released Defendants' Persons.

11. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to MiMedx stockholders.

12. Neither the Settlement, this Stipulation (including any exhibits attached hereto), nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (a) is, may be deemed to be, or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence of the validity of any Released Plaintiffs' Claims, or of any fault, wrongdoing, or liability of the Released Defendants' Persons or MiMedx; (b) is, may be deemed to be, or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Defendants' Persons in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum; or (c) is, may be deemed to be, or may be offered, attempted to be offered, or used in any way as a concession,

admission, or evidence against Plaintiffs that any of their claims lack merit, or that any defenses asserted by the Individual Defendants lack merit. Nothing in this paragraph, however, shall prevent the Released Persons from filing this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, and any of the Parties may file this Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

      13.    In the event that the Settlement is not approved by the Court, the Settlement is terminated as provided in the Stipulation, or the Effective Date otherwise fails to occur, the Settling Parties shall be restored to their respective positions in the Georgia Federal Action that existed immediately prior to the date of execution of the Stipulation. In such event, the terms and provisions of the Stipulation, with the exception of paragraphs 4.2, 6.2, 6.3, 7.4, and 7.5, shall have no further force and effect with respect to the Settling Parties, and shall not be used in the Georgia Federal Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

DATED:  October 8, 2020

_____
The Hon. William M. Ray, II
United States District Judge

1449001

9