# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE MIMEDX GROUP, INC. SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 1:18-cv-04486-WMR (Consolidated with Case No. 1:18-cv-04514-WMR and Case No. 1:18-cv-04864-WMR) |
| This Document Relates To: ALL ACTIONS. | |

## FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement ("Preliminary Approval Order") of this Court, dated October 8, 2020, on the application of Plaintiffs for approval of the settlement of this Georgia Federal Action as set forth in the Stipulation and Agreement of Settlement dated as of September 4, 2020, including all exhibits thereto (the "Stipulation"). Due and adequate notice having been given by MiMedx Group, Inc. ("MiMedx" or the "Company") to Current MiMedx Shareholders as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein, and otherwise being fully informed, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.    This Final Order and Judgment ("Judgment") incorporates herein the Stipulation, including the exhibits thereto. Unless otherwise defined herein, all

1

capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Judgment. This Court has jurisdiction over the subject matter of the Georgia Federal Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3.      The record shows that Notice has been given to all Current MiMedx Shareholders in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) constitutes notice that was reasonably calculated, under the circumstances, to apprise all Current MiMedx Shareholders of the pendency of the Georgia Federal Action, the terms of the Settlement, and Current MiMedx Shareholders' right to object to and to appear at the Settlement Hearing held on December 21, 2020; (ii) constitutes due, adequate, and sufficient notice to all Persons or entities entitled to receive notice in accordance with Rule 23.1(c) of the Federal Rules of Civil Procedure; and (iii) meets the requirements of due process, Fla. Sta. § 607.0745 and all other applicable law.

4.      In light of the substantial benefits to the Company, the complexity, expense, possible duration of further litigation against the Individual Defendants, and the uncertainty inherent in the continued prosecution of the claims in the Georgia Federal Action through trial and any subsequent appeal(s), the Court hereby fully and finally approves the Settlement, pursuant to Rule 23.1(c), as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair,

reasonable, and adequate, and in the best interests of MiMedx and its shareholders. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of MiMedx, MiMedx's shareholders, and the Individual Defendants.

5.      The Settling Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation.

6.      The Georgia Federal Action and all claims contained therein, as well as all of the Released Claims, are dismissed on the merits and with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation and in this Judgment.

7.      The Court finds that during the course of the litigation, the Settling Parties and their respective counsel, at all times, complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

8.      Upon the Effective Date, except as expressly provided in paragraphs 2.3 and 5.4 of the Stipulation, each of the Released Plaintiffs' Persons and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, unconditionally and forever released, relinquished, and discharged and dismissed with prejudice the Released Plaintiffs' Claims (including Unknown Claims) against the Individual Defendants and each and all of the other Released Defendants' Persons. Nothing herein shall in

any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation.  Upon the Effective Date, except as expressly provided in paragraphs 2.3 and 5.4 of the Stipulation, the Released Plaintiffs' Persons will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal,  or administrative forum, asserting the Released Plaintiffs' Claims (including Unknown Claims) against any of the Released Defendants' Persons.

9.    Upon the Effective Date, except as expressly provided in paragraphs 2.3 and 5.4 of the Stipulation, the Released Defendants' Persons, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, unconditionally, and forever released, relinquished, and discharged the Released Defendants' Claims (including Unknown Claims) against one another and against each and all of Plaintiffs, Plaintiffs' Counsel, MiMedx, Current MiMedx Shareholders (solely in their capacity as MiMedx Shareholders), and each of the Released Plaintiffs' Persons. Upon the Effective Date, except as expressly provided in paragraphs 2.3 and 5.4 of the Stipulation, the Released Defendants' Persons will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Defendants' Claims (including Unknown Claims) against any of the Released Plaintiffs' Persons.

4

10.    Neither the Settlement, this Stipulation (including any exhibits attached hereto), nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (a) is, may be deemed to be, or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence of the validity of any Released Plaintiffs' Claims, or of any fault, wrongdoing, or liability of the Released Defendants' Persons or MiMedx; (b) is, may be deemed to be, or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Defendants' Persons in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum; or (c) is, may be deemed to be, or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence against Plaintiffs that any of their claims lack merit, or that any defenses asserted by the Individual Defendants lack merit. Nothing in this Section, however, shall prevent the Released Persons from filing this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, and any of the Parties may file this Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

11.    The Court hereby approves the Fee and Expense Amount in accordance with the Stipulation.

12.    Payment of the Fee and Expense Amount made, as specified in paragraphs 4.1-4.3 of the Stipulation, shall be immediately releasable upon the entry of this Judgment, notwithstanding the existence of any collateral attacks on the Settlement and/or the Fee and Expense Amount, including, without limitation, any objections or appeals, in accordance with the terms and conditions set forth in the Stipulation.[1]

13.    Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Plaintiffs, Defendants, and each MiMedx shareholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of, or relating to, the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

---

[1] The Court does not approve of the Service Awards. The Plaintiffs can renew their motion for the Service Awards by filing a new motion and brief addressing to what extent, if any, the ruling of the 11th Circuit in *Johnson v. NPAS Solutions, LLC* (Case No. 18-12344, decided September 17, 2020) has on such potential Service Awards.

14.    In the event that the Settlement is terminated as provided in the Stipulation or the Effective Date does not occur, this Judgment shall be vacated, and all orders entered, and releases delivered, in connection with the Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Stipulation, and the Settling Parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

15.    This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

7